# United States Tax Court

T.C. Memo. 2024-40

VALERIE STEPHENS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19374-22L.                                 Filed April 8, 2024.

————

Valerie Stephens, pro se.

*Nathaniel C. Smith*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*:  In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal Revenue Service (IRS or respondent) to sustain collection action.  Respondent has filed a Motion for Judgment on the Pleadings under Rule 120(a), urging that this case should be dismissed because the Petition was filed after expiration of the 30-day filing period specified in section 6330(d)(1).  Because petitioner has alleged no facts that would entitle her to "equitable tolling" of the 30-day deadline, we will grant respondent's Motion.

### *Background*

Petitioner and her husband, Gray Stephens, had an unpaid joint Federal income tax liability for 2018.  The IRS issued them a levy notice

———

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] and they timely requested a CDP hearing. On August 10, 2021, the IRS issued them separate (but substantially identical) notices of determination sustaining the levy. Both notices were properly addressed to their shared address in Lovettsville, Virginia.

On August 22, 2022, petitioner and her husband filed a letter with the Court stating that they "wish[ed] to dispute a tax determination," but they did not attach a copy of the IRS notice they intended to challenge. On September 19, 2022, they filed an Amended Petition stating that they disagreed with the IRS's determination "on the basis of financial hardship." But they again failed to attach a copy of the IRS notice that they sought to challenge.

By Order served January 4, 2023, the Court directed respondent to file a Response "addressing the basis, if any, for the Court's jurisdiction in this case, and attaching a complete copy of the notice giving rise to such jurisdiction." On March 6, 2023, respondent filed a Response to the Order and enclosed copies of the two notices of determination referenced above.

Petitioner's husband timely petitioned this Court with respect to the August 10, 2021, notice of determination issued to him. *Stephens v. Commissioner*, Docket No. 28561-21SL (T.C. filed Aug. 23, 2021). On October 5, 2022, we granted respondent's motion for summary judgment in that case and entered a decision sustaining the proposed levy. Because that decision had become final, we issued on June 29, 2023, an Order dismissing this case for lack of jurisdiction insofar as it concerned petitioner's husband. The case was not dismissed as to petitioner.[2]

On June 30, 2023, respondent filed an Amendment to Answer. He enclosed a copy of U.S. Postal Service Form 3800, Certified Mail Receipt, showing that the notice of determination issued to petitioner for 2018 was mailed to her on August 10, 2021. He also made affirmative allegations regarding the untimeliness of the Petition filed by petitioner. He alleged that the deadline for filing a petition in this case was September 9, 2021; that the Petition was not mailed until August 15, 2022, 340 days later; and that the Petition was not filed until August 22, 2022, 347 days later. He also alleged that petitioner had not alleged any facts "that

---

[2] Because petitioner's husband litigated a substantially identical notice of determination to a decision on the merits, it might be urged that petitioner is estopped from challenging the notice of determination issued to her for the same year and the same collection action. But we need not consider estoppel, which respondent has not raised, because the Petition was not filed within the time for doing so.

**[*3]** would support equitable tolling" of the 30-day filing deadline set forth in section 6330(d)(1).

Petitioner did not deny (or otherwise reply to) the affirmative allegations appearing in the Amendment to Answer. *See* Rule 37(a). On August 29, 2023, respondent timely filed a Motion for Entry of an Order that the Undenied Allegations Be Deemed Admitted Pursuant to Rule 37(c) (Rule 37 Motion). By Order served August 30, 2023, we directed petitioner to reply to the affirmative allegations in respondent's Amendment to Answer no later than October 16, 2023. She failed to do so by that date or subsequently. On November 6, 2023, the Court entered an Order granting the Rule 37 Motion and ruling that the undenied allegations set forth in the Amendment to Answer were deemed admitted for the purposes of this case.

On February 1, 2024, respondent filed the instant Motion. We directed petitioner to file a response by March 6, 2024. She did not respond by that date or subsequently.

*Discussion*

Rule 120(a) permits a party, after the pleadings are closed but within such time as not to delay the trial, to move for judgment on the pleadings. Such a motion must be based solely on the allegations and information contained in the pleadings and not any outside matters. *Nis Family Tr. v. Commissioner*, 115 T.C. 523, 537 (2000). The movant must show that the pleadings do not raise any genuine issue of material fact and that judgment may be entered as a matter of law. *Ibid.*

Under section 6330(d)(1), a person may petition this Court to review a notice of determination concerning collection action under section 6320 or 6330. The 30-day deadline for filing such a petition, set forth in section 6330(d)(1), is a procedural requirement that is not jurisdictional. *See Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022). We thus have authority to consider a late-filed petition in a CDP case where the Commissioner raises the issue of timeliness, provided that the taxpayer shows that she is entitled to "equitable tolling." *See id.* at 1496. To be entitled to equitable tolling, the taxpayer must establish that she pursued her rights diligently and that extraordinary circumstances prevented her from filing on time. *See Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255–57 (2016).

The record of this case indicates, and the deemed admissions establish, that the Petition in this case was not timely filed. The Petition

**[*4]** was mailed August 15, 2022, and the Court received the Petition on August 22, 2022. But the notice of determination petitioner seeks to challenge was dated August 10, 2021, more than a full calendar year earlier.

Neither the Petition nor the Amended Petition alleged any facts that would explain or justify the failure to file within the 30-day filing deadline. Petitioner did not reply to the affirmative allegations in respondent's Amendment to Answer. We thus deemed admitted respondent's allegation that petitioner "has not alleged any facts . . . that would support equitable tolling of the time to petition outside the time" permitted by the statute.

By Order served February 7, 2024, we directed petitioner to respond to the Motion for Judgment on the Pleadings. We specifically informed her that she needed to "address what facts (if any) explain why she was unable to file her Petition within the 30-day period prescribed for filing a Petition in a CDP case." She did not respond to our Order by the deadline we set or subsequently. On these facts we have no choice but to grant respondent's Motion.

To reflect the foregoing,

*An appropriate order and decision will be entered.*